UNITED STATES v. MOY YOU et al.

(District Court, N. D. New York. December 1, 1903.)

Nos. 2666, 2674.

1. CHINESE ALIENS—DEPORTATION—NATURE OF PROCEEDING.

A proceeding to expel or exclude aliens under the federal law is civil, and not criminal, in its nature.

2. SAME—EVIDENCE OF CITIZENSHIP.

Where, in a proceeding for the exclusion of certain Chinese aliens, the only evidence of citizenship offered was certain unsatisfactory testimony of one witness that he was an uncle of defendants, and that they were both born in San Francisco, and defendants refused to be sworn in their own behalf, a finding against the aliens' right to remain was not erroneous.

Defendants were arrested at Malone, N. Y., August 17, 1903, where they had presented themselves to the federal authorities, claiming to have been born in the United States, and were returning from a visit to China. A hearing was subsequently had before Hon. F. J. Gray, United States commissioner at Ogdensburg, N. Y. Both defendants were represented by counsel, and admitted they had come into the United States from Canada, and were Chinese persons, not of the exempt class.

H. E. Owen, Asst. U. S. Atty.

James F. Akin, for defendants.

RAY, District Judge. In support of defendants' contention that they were born in the United States, they produced one witness, Leong Fenn, a Chinese person, who swore that he was the uncle of defendants, and that they were both born in San Francisco. He identified defendants by photographs of them which are attached to the return herein. It further appears from this testimony that defendants were respectively 12 and 14 years old when they left this country for China. At the conclusion of witness' testimony the United States District Attorney requested defendants to take the stand, in order that he might question them as to their recollection of events during the time it was sworn they were in the United States. This they declined to do. The commissioner finds that their refusal to be sworn is a discrediting fact, and sentences them to deportation.

A proceeding under our law to expel or exclude aliens is not a criminal prosecution or proceeding. Fong Yue Ting v. United States, 149 U. S. 730, 13 Sup. Ct. 1016, 37 L. Ed. 905; U. S. v. Lee Huen (D. C.) 118 Fed., at page 456. This court has held (U. S. v. Lee Huen, supra):

"If defendants fail to give testimony in their own behalf, and explain doubtful matters peculiarly within their own knowledge in these deportation cases, * * * such fact may be considered by the court or commissioner."

This court has many times observed in similar cases that the stereotyped testimony of a single witness, such as is here offered, is so un-

¶ 2. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. Same, 35 C. C. A. 332.

satisfactory as to justify a commissioner in regarding it with grave suspicion. If, now, defendants refuse to testify, and thus explain and corroborate, it would seem that the commissioner had a right, in the fair exercise of judicial discretion, to hold that defendants had not proved to his satisfaction their right to remain in the United States. This is especially true when, as here, the evidence of the single witness is not of a convincing nature. This court does not believe the witness knew anything about the birth of the defendants, and will not hold, as matter of law, the commissioner should have credited what the court will not and does not credit.

Judgment and order of deportation affirmed.